CASE 36—PETITION EQUITY—FEBRUARY 5.

# Laevison, &c., v. Baird.
# Baird v. Laevison, &c.

APPEAL FROM M'CRACKEN COURT OF COMMON PLEAS.

1. VENDOR AND VENDEE—RESCISSION—CHAMPERTY.—A vendee who has been put in possession of land under a deed containing a covenant of warranty of title can not resist the payment of the purchase money unless he has been evicted by paramount adverse title, or unless the vendor is a non-resident or insolvent, or has been guilty of fraud. But if there is a material part of the land of which the vendor has not and can not put the vendee in possession, the vendee may resist the payment of the purchase money and claim a rescission.

In this case a part of the land purchased being in the adverse possession of another, the contract was void, and, therefore, the vendee, although in possession of a part of the land under a deed containing a covenant of warranty, can resist the payment of the purchase money and have a rescission without alleging eviction, non-residency, insolvency or fraud, provided he did not know that a part of the land was adversely held.

2. SAME.—The fact that the vendor is able to put the vendee in possession of only fifteen feet at the rear end of a lot which is seventeen feet front, and which was supposed to be that width all the way through, is sufficient to entitle the vendee to a rescission, the lot being left in a wedge shape, and thus rendered undesirable for the purpose for which it was purchased.

3. IN COMPENSATING THE VENDEE FOR HIS IMPROVEMENTS the chancellor properly refused to allow him any thing for a building which will be rendered worthless by reason of the fact that, having built his wall upon the ground of another, he will have to remove it.

BULLITT & REEVES FOR APPELLANTS, LAEVISON AND WIFE.

Notwithstanding both vendor and vendee may have been laboring under mistake as to the fact that J. R. Smith's wall deflected over the line, it was the duty of the vendor to know before selling it, and by his selling and conveying the ground the same width he caused appellants to erect the improvements on the tenement as shown, and has caused the damage resulting to appellants in spending their money in the erection of improvements on ground to which they got no title. Therefore, appellee should be held bound for the damages,

Laevison, &c., v. Baird.     Baird v. Laevison, &c.

whether. he is benefited by said improvements or not. (Glass v. Brown, 6 Mon., 356; Griffith v. Depew, &c., 3 A. K. Mar., 177; Williams v. Rogers, 2 Dana, 374.)

QUIGLEY & QUIGLEY FOR APPELLANT BAIRD.

1. The court erred in adjudging a rescission. (Pryse v. McGuire, 81 Ky., 608; English v. Thomasson, 82 Ky., 280.)
2. Plaintiff is in no way responsible for the erection by defendant of his wall on Harris' ground, and did not advise or connive at it.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant, Baird, conveyed the lot of ground in controversy to the appellee, Sophia Laevison, by deed of general warranty, and put her in the possession thereof, except as hereinafter stated. The appellee and her husband having been sued on one of the notes for the purchase money, they asked that the contract of sale be rescinded, on the ground that Mr. Smith, who owned the southern adjoining lot, had erected a brick wall on the lot sold to the appellee, whereby said lot was left in a wedge-shape, seventeen feet front, the distance called for in the deed, and fifteen feet at the rear end of the lot, three feet less than the deed called for; that said Smith held the part of the lot covered by said wall adversely to the appellant at the time of said sale, and has so held it ever since. The proof sustains this plea, and the court rescinded the contract. The loss of the slip of ground to the appellee, and leaving the same in a wedge-shape, so as to make it undesirable for the purpose of erecting a business house thereon, for which purpose it was purchased, certainly was a sufficient impairment of its value to authorize the chancellor to rescind the contract.

206　　　　　KENTUCKY REPORTS.　　[VOL. 91.

Laevison, &c., v. Baird.　　Baird v. Leavison, &c.

But the appellant contends, upon the authority of Pryse v. McGuire, 81 Ky., 608, and English v. Thomasson, 82 Ky., 280, that the appellee, not having alleged the non-residency, insolvency or fraud of the appellant, she could not maintain the plea. Said cases, consistently with a long line of cases upon that subject, hold that where a vendee has possession of land under a deed containing a covenant of warranty of title, he can not resist the payment of the purchase money, unless there has been an eviction by paramount adverse title, or non-residency, insolvency or fraud of the vendor. This case does not come within the principle announced in said cases. They are to the effect that the vendee having been put in the possession of the property, he can not plead that the covenant of warranty of title has been broken, unless there has been an eviction under a paramount adverse title, or non-residency, insolvency or fraud of the vendor. But if he has not been put in the possession, he may plead to an action for the payment of the purchase money, that the vendor can not comply with his covenant of warranty of title. This is upon the ground that as long as the vendor has any thing to do to make a perfect right, possession being essential to that right, the vendee may resist the payment of the purchase money if the vendor can not give such right.

Here the appellee was not put in the possession of the strip of ground adversely held by Smith. The contract in regard to that strip of ground was, by reason of the law of champerty, vicious and void, consequently could not be enforced. Therefore, the

appellee could resist the payment of the purchase
money and have a rescission without alleging eviction,
non-residency, insolvency or fraud, provided she did
not know that the strip was adversely held.

The appellee appeals from the judgment awarding
her about two thousand three hundred and three
dollars for improvements, purchase money, &c., after
deducting rents.   From this judgment the appellee
appeals, upon the ground that it is not enough.   The
appellee built her northern wall upon the lot of L.
Harris, thinking, as she says, that her lot was seven-
teen feet wide all the way back, not knowing that
Smith's wall was built on her lot.   But the judgment
of the lower court, in the case of L. Harris against
the appellee, and which, on appeal to this court by
the appellee, was affirmed, held that the appellee built
said wall upon the ground of Harris, knowing that
it belonged to him, and that she should remove the
same.    The commissioner concluded that to remove
said wall would render the whole building worthless,
and as its worthless condition was caused by the act
of the appellee, the appellant, Baird, should not pay
for the same.    This seems to be sound law, and as
the judgment of the lower court fixes the amount of
compensation at only about one hundred dollars more
than that fixed by the commissioner, it must be pre-
sumed that it adopted the commissioner's view of the
matter, only differing as to the amount.   But be that
as it may, as the appellant, Baird, has not cross-ap-
pealed from this judgment, it must stand.

Both judgments are affirmed.