## Downs v. Nally.

(Decided December 8, 1914.)

### Appeal from Marion Circuit Court.

Covenants—Covenants of Title—Knowledge of Parties as to Defects in Title.—Knowledge on the part of the purchaser that the vendor has no title does not affect the right of recovery for a breach of the covenant of general warranty. Hence his failure to examine the public record of conveyances, whereby he might have ascertained the fact that the vendor had no title to the passway which he purported to convey, was immaterial, and will not preclude a recovery of damages for breach of the covenant of general warranty.

HUGH T. COOPER for appellant.

WILLIAM W. SPALDING, P. K. McELROY and J. P. THOMPSON for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

Henson Downs, in November, 1904, sold 62 acres of a tract of land then owned by him in Marion county, to Hugh Daly, reserving in the deed of conveyance a passway over the land so conveyed from the remainder of his tract out to the Raywick and Loretto public road so long as he should remain the owner of the remaining portion of the tract.

Thereafter, he conveyed the remainder of the tract to C. A. Nally. The deed describes the whole tract by metes and bounds, and then excepts the part sold to Daly, describing it by metes and bounds, and states with reference to the deed to Daly that, "In this a passway was reserved to the Raywick and Loretto road, and is given to Nally."

As a part of the purchase price of the land bought by him, Nally executed to Downs three notes each in the sum of three hundred dollars, secured by lien retained in the conveyance. Two of these notes Downs assigned to one Ballard; the other he retained.

Downs and Ballard instituted this action in the Marion Circuit Court to collect these notes. Nally defended, and by way of counter-claim set up the breach of the covenant of general warranty included in the conveyance from Downs to him, in respect of the passway purported to be conveyed to him, which passway Downs reserved in his deed to Daly for so long only as he should remain the owner of the remaining portion of his lands.

Upon submission and trial, the court gave plaintiffs judgment for their respective notes, and ordered a sale of the land in satisfaction of their liens; and upon defendant's counter-claim, gave Nally judgment against Downs, in the sum of two hundred and fifty dollars, as damages for breach of the covenant of general warranty. From that judgment plaintiff, Downs, appeals.

1. Appellant contends that Nally should have inspected the public record of conveyances, and examined the deed from Downs to Hugh Daly, and in that manner have ascertained the exact nature of the passway therein reserved. But the rule of *caveat emptor* is not a defense against the breach of a covenant of general warranty. Knowledge on the part of the purchaser of land that the vendor thereof has no title, does not affect the purchaser's right to recover for a breach of the covenant of general warranty, hence his failure to examine the public record of conveyances is immaterial. Helton v. Asher, 135 Ky., 751, 123 S. W., 285. The deed from Downs to Nally purported to convey a passway over the lands of Daly, and the failure of title thereto was a breach of the covenant of general warranty for which Nally was entitled to recover.

2. After a submission of the cause for trial, plaintiff took the depositions of four certain witnesses and filed same. Defendant filed exceptions thereto, on the

ground that the depositions were taken and filed after submission, and also because they were taken in violation of an alleged rule of the Marion Circuit Court prohibiting the taking of depositions during term-time.

The court sustained the exceptions to these depositions, and set the order of submission aside, giving plaintiff leave to retake the depositions. Plaintiff failed to avail himself of this permission. His counsel, in the brief herein filed, says he was unable to do so because of the expense. There were thirteen pages in the depositions so suppressed.

Appellant complains of the ruling of the trial court suppressing these depositions. They were properly suppressed because taken after the cause was submitted, regardless of whether there was a rule established by the Marion Circuit Court prohibiting the taking of depositions during term-time.

However, considering these rejected depositions (which were principally on the issue of the amount of the damage caused by failure to get the passway conveyed) together with all the other evidence in the case, we are convinced that the preponderance thereof supports the finding of the chancellor in respect of the amount of damages awarded to appellee for the breach of the covenant of general warranty.

The judgment is therefore affirmed.