## Foxwell v. Justice.

(Decided June 3, 1921.)

### Appeal from Webster Circuit Court.

1. Mines and Minerals—Deeds—Construction.—When a deed upon its face imports a conveyance of the surface and minerals in a described tract of land and a warranty of title thereto it cannot be construed into a conveyance of the surface only simply because the minerals have been theretofore conveyed by the grantor to another by deed of record.

2. Mines and Minerals—Warranty—Evidence.—The fact that the prior deed to the minerals was of record or that the grantee had actual knowledge thereof is insufficient to defeat a cause of action on the warranty, but such fact is competent though not necessarily controlling evidence upon the question of fraud or mistake.

3. Mines and Minerals—Possession.—One in possession of the surface under a separate title thereto holds possession of the minerals in the land as trustee for the legal owner of same.

4. Reformation of Instruments—Mistake—Evidence.—Evidence of a mutual mistake that will authorize reformation of a written contract must be of the most clear and convincing character, and constructive knowledge by the grantee that the grantor had theretofore conveyed the minerals in a tract of land is not alone sufficient evidence of mistake upon part of the grantee to warrant the reformation of a deed purporting to convey the minerals to him and which is not on its face either ambiguous or incomplete.

5. Cancellation of Instruments—Pleading—Amendments.—The court did not err in refusing an amended pleading seeking cancellation of a written contract which was tendered upon the trial after all the proof had been heard and when the offered pleading changed substantially the issues, neither it nor the proof suggested equitable terms for a cancellation, the case had been pending for

more than a year and there was no showing why the amendment was not sooner tendered or request for a continuance.

BOURLAND & BLACKWELL, and COX & GRAYOT for appellant.

BENNETT & WITHERS, N. B. HUNT and J. C. WORSHAM for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In 1914 Henderson Foxwell, an aged colored man of good character and business ability but illiterate, sold and conveyed to a neighbor, J. A. Justice, a white man, the absolute fee simple title to one hundred and forty-eight acres of land with covenant of general warranty and without reservation of any kind. He had, however, in 1903, or eleven years theretofore, sold and conveyed all of the minerals in the same land to the St. Bernard Mining Company by a deed which was promptly recorded.

In 1917 Justice instituted this action at law to recover of Foxwell for breach of the warranty in his deed the value of the minerals, alleging in addition to the foregoing facts that defendant at the time through his son, who negotiated the sale, represented to him that he had not sold the minerals. Defendant answered, denying the alleged representations about the minerals and by counterclaim averred that plaintiff knew of the prior conveyance of the minerals; that he executed the deed to plaintiff under the mistaken belief that it conveyed only the surface and that "he in ignorance thought and supposed that said deed reserved said coal and mineral rights and stated truly the agreement and contract between the parties." He prayed for a reformation of the deed and upon his motion the cause was transferred to equity. Demurrers to the petition and counterclaim for reformation as amended were overruled, and the affirmative allegations of the latter were traversed by reply.

The parties announced ready for trial at a subsequent term and by agreement the proof was heard in open court and the law and facts submitted to the court. After all of the proof was in, defendant tendered an amended answer and counterclaim in which he offered to refund the purchase money, $6,800, with interest, and asked a cancellation of the deed. Defendant objected to the filing of this pleading and it was made a part of the record

but not filed. The court rendered judgment against defendant for $1,480 and he has appealed.

For reversal defendant insists the court erred (1) in overruling the demurrer to the petition and awarding damages, (2) in denying a reformation of the deed, and, (3) in refusing to file his amended answer and counter-claim asking a cancellation and in refusing him that relief.

Counsel for defendant concede the deed to plaintiff was sufficient in form and terms to have conveyed the minerals if at the time defendant had owned them and that it did not have that effect simply because same had been theretofore conveyed to another. They contend, however, that minerals underlying land are excluded from a conveyance which describes the land by metes and bounds (1) by an exception or reservation in the deed and, (2) without any such exception or reservation where as here the minerals previously have been "severed in ownership and the right thereto vested in some other person." Counsel thus state their position:

"The appellant believes that it is the law of this state that the conveyance made to the St. Bernard Mining Company of such coal and mineral rights on the 25th day of August, 1903, made and constituted a separate and distinct estate of such coal and mining rights, and that subsequent conveyance of the surface would not include the coal unless apt, inclusive words should be used in such conveyance showing a clear intention upon the part of the grantor to convey and warrant the title to such estate.

"The deed of record in D. B. 39 at page 350, being sufficient in form, was notice to the world, appellee included, that a distinct, individual and separate estate had been created and that it no longer would pass by mere description of the surface, but would be excluded from any subsequent conveyance of the surface as clearly and certainly as if expressly reserved by the language of the deeds."

They contend most earnestly such a rule was announced in Kincaid v. McGowan, 88 Ky. 91, 4 S. W. 802, and has been approved in Kennedy v. Holt, 180 Ky. 562, 203 S. W. 318; Big Sandy Company v. Ramey, 160 Ky. 236, 172 S. W. 508; Webb v. Webb, etc. 178 Ky. 152, 198 S. W. 736 and Gabbard v. Sheffield, 179 Ky. 442, 200 S. W. 940.

Upon examination, however, it will be found that counsel are mistaken in their interpretation of the Mc-Gowan case and that the other named cases cited it only in support of the now thoroughly established doctrine that separate fee simple estates in land may exist in the surface and in the minerals thereunder; that one person may own the one and another the other and that each such estate is subject to the laws of descent, devise and conveyance.

The state of facts which existed in the McGowan case and induced the holding there, that apt words were required to convey a separated estate in the minerals, upon which counsel for defendant especially rely, does not exist here. There the grantor conveyed a 2200-acre boundary but excepted from the conveyance several small tracts within the boundary, the surfaces only of which had theretofore been conveyed to others; and the question for decision was whether the minerals under the small excluded tracts passed to the grantee or remained in the grantor. The court held, as was eminently proper, that since the small tracts had been excepted out of the large boundary, and thereby necessarily excluded from the conveyance, the grantor's separated title to the minerals therein did not pass because of the absence of apt words expressing such an intention by the parties. The court was construing the deed and merely stated in effect that apt words would have been required to overcome the natural inference from stated exclusions. Manifestly neither that case nor any of those cited sustains the contention here made, that the apt words of this deed, which counsel concede import a fee simple title and a warranty thereof, must be construed to mean something less, because of extrinsic facts. Under such a contention a warranty becomes meaningless and a champertous deed an impossibility. Obviously such a contention cannot be supported by reason or authority.

It is equally clear that the fact the prior deed to the St. Bernard Mining Company for the minerals was of record, or even that plaintiff had actual knowledge of the sale of the minerals, is insufficient to defeat a cause of action upon a covenant of warranty.

The rule is thus stated in 15 C. J. 1230: ''The fact that either or both parties knew at the time of conveyance that the grantor had no title in a part or a whole of the land does not affect the right of recovery for a breach of covenant.'' This statement of the rule was quoted

with approval in Helton, etc. v. Asher, 135 Ky. 758, 123 S. W. 285, and has been applied in numerour other cases, including Jones v. Jones, 87 Ky. 82, Cornelius v. Kinnard, 157 Ky. 50, 162 S. W. 524; Downs v. Nally, 161 Ky. 432, 170 S. W. 1193.

The only authority cited by the defendant to the contrary is Sanders v. Rowe, 48 S. W. 1083, 20 Ky. Law Rep. 1082, which seemingly sustains his contention so far as actual knowledge is concerned. But that case when cited upon the same question in Helton v. Asher, *supra,* was distinguished upon the ground that the relief there granted, a rescission, was rested upon fraud or mistake; and when cited in Ison v. Sanders, 163 Ky. 605, upon the question of fraud or mistake was held not to be controlling. Hence as it has been construed it is authority, if at all, only to the effect that actual knowledge by the grantee of the defective title of the grantor is competent but not controlling evidence upon the question of fraud or mistake in an action on the warranty, which proposition is supported by reason as well as authority. 15 C. J. 1230; New York, etc., Coal Co. v. Graham, 226 Pa. 348, 75 A. 657.

The petition does not allege an eviction, usually a condition precedent to a right to sue on a warranty, but this was not necessary here since it is thoroughly established in this jurisdiction that the one in possession of the surface under a separated title thereto holds possession of the minesals as trustee for the legal owner of same, Ky. Stats. 2366a, Farnsworth v. Barret, 146 Ky. 556, 142 S. W. 1049, and an exception to the general rule that a cause of action on the warranty does not accrue until there has been an eviction, is recognized in favor of one who did not and could not acquire possession under his deed. 15 C. J. 1304; Bubb v. Riffe, 78 Ky. 352; Leevison v. Baird, 91 Ky. 204; Smith v. Jones, 97 Ky. 670. And see Fitzhugh v. Croghan, 2 J. J. Mar. 429.

Hence the court did not err in overruling the demurrer to the petition, and as the defendant does not contend, as he could not, that the evidence of damage was not sufficient to support the judgment of $1,480 therefor, the judgment must be affirmed unless defendant by way of counterclaim was entitled to a reformation or a cancellation of the deed.

2. Fraud is not charged against plaintiff, and if defendant's counterclaim sufficiently alleges a mutual mis-

take, which we do not think it does, such mistake is not established by the evidence.

The only evidence, if any, of a mistake upon the part of plaintiff is such as is inferrable from his constructive knowledge of the prior conveyance of the minerals to the St. Bernard Co. and this if not entirely negligible upon such an inquiry as this is certainly not of that clear and convincing character which is always required for the reformation of a written contract which does not appear upon its face to be either ambiguous or incomplete. McMee v. Henry, 163 Ky. 729, 174 S. W. 746; Ison v. Sanders, *supra;* Pickerell & Craig v. Castleman Blakemore Co., 174 Ky. 1, 191 S. W. 680.

3. Even if we might concede that the evidence is sufficient for a cancellation of the deed upon the theory that the minds of the parties did not meet, upon both sides of which proposition there is much evidence, we could not for that reason reverse the judgment herein because that affirmative defense was not seasonably presented.

A broad discretion is lodged in the trial court by section 134 of the Code in the matter of filing amended pleadings "in the furtherance of justice" and to insure an orderly procedure.

The only limitation, however, upon the right to file same is that they must be in the furtherance of justice and do not substantially change the claim or the defense. Ford v. Providence Coal Co., 124 Ky. 517, 99 S. W. 609; City of Louisville v. Lausberg, 161 Ky. 361, 170 S. W. 962.

But when an amendment is offered during the trial unless filed merely to conform the pleadings with the proof, the party offering it should show by affidavit why it was not sooner tendered, Cincinnati Railroad Co. v. Crabtree, 100 S. W. 318; Christen v. Christen, 184 Ky. 822, 213 S. W. 189, and the court may refuse to file same when it appears that it changes in a substantial way the issues. See cases cited under section 134 of the Code, note 41.

The action of the lower court in admitting or rejecting amendments will not be disturbed on appeal unless there has been a manifest abuse of discretion. Lanman, etc. v. Louisville Dry Goods Co., 138 Ky. 798, 129 S. W. 111; Robards v. Robards, 110 S. W. 422.

The amendment in the instant case was tendered at the submission and after all of the proof had been heard; it changed the issues in a substantial way, neither it nor

the proof suggested any equitable terms upon which a cancellation could have been ordered, the case had been pending for more than a year and there was no showing why the amendment was not sooner tendered or request for a continuance. Under such circumstances it cannot be said the court abused a sound discretion in refusing to file the amendment when tendered, and certainly such an abuse is not manifest or clear.

For the reasons indicated the judgment is affirmed.