## Stratton v. McGuire et ux.

(Decided May 9, 1933.)

F. W. STOWERS for appellant.
T. J. KENDRICK for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing. .

In his petition against the appellees, Don McGuire and wife, the appellant, Roland Stratton, alleged that they had conveyed him, with covenant of general war-

ranty, a certain 40 acres for a cash consideration of $300 and a lien note for the same amount and placed him in possession; that the chief value of the land consisted in its oil, gas, and other minerals; that he had expected to lease the minerals and obtain funds with which to pay the balance of the purchase money, and would have done so; that acting on the belief in good faith that he was the owner of the entire property, he had made certain improvements thereon at a cost of $200; that the grantors did not own the minerals at the time of their conveyance to him, as they had been excluded from their own deed; that the covenant of general warranty had been broken; that the defendants had enforced the vendor's lien, and at the foreclosure sale had purchased the property; and that he had been damaged in the sum of $1,000. The plaintiff's deed filed with the petition supported the allegations as to the conveyance of the entire estate in the land and the warranty of title.

The court sustained a demurrer to that part of the petition seeking to recover for the value of the improvements and overruled it as to the balance. The answer pleaded that the consideration for the conveyance was the price of the surface alone, and that the grantee knew the grantors did not own the minerals, and that the exception from the deed to him was omitted by oversight of both parties. This was pleaded as an estoppel. A second paragraph further pleaded that the plaintiff was estopped to maintain the action because of his failure to set up his alleged breach of warranty as a counterclaim in the suit filed to foreclose the vendor's lien. A demurrer was overruled to the first paragraph of the answer, but was sustained to the second paragraph. Then the affirmative allegations of the answer were controverted of record. The case being submitted for final judgment under this situation, the court dismissed the petition.

As an exception to the general rule, an eviction is not a condition precedent to the maintenance of a suit for breach of warranty where the grantor did not have title to the minerals and could not and did not convey or deliver the severed estate to the grantee, since the owner of the surface holds possession of the minerals in the land as trustee for the legal owner, and there is a breach of warranty immediately upon the execution

of the deed. Foxwell v. Justice, 191 Ky. 749, 231 S. W. 509; Eli v. Trent, 195 Ky. 26, 241 S. W. 324. The fact that the grantee knew at the time of the conveyance that the grantor did not have title to the minerals does not affect his right to recover for the breach of warranty. Foxwell v. Justice, supra; Jones v. Hodgkins, 233 Ky. 491, 26 S. W. (2d) 19.

With this law in mind it will be seen that the petition set up a cause of action, although there appears to have been some confusion on the part of the pleader as to the proper criterion of damages claimed. The only valid defense set up by the answer was an insufficient plea of mistake in the deed, although no effort was made to have the instrument reformed. Even that attempt as a defense was denied, and no evidence was submitted to sustain it.

The judgment dismissing the petition is erroneous.

Wherefore it is reversed and the case remanded for consistent proceedings.