## Dortch's Ex'r et al. v. Willoughby.

(Decided March 26, 1937.)

(As Modified on Denial of Rehearing March 4, 1938.)

LAURENCE B. FINN for appellants.

MILLIKEN & MILLIKEN for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

On October 7, 1919, W. M. Willoughby conveyed to
J. H. Rickman et al. 340 acres of land in Clay county,
Miss., for $26,000, and warranted the title. Appellants
are the remote vendees of Willoughby, and they sued
him upon his warranty and sought to recover of him
$897.06 for 12.2 acres which were included in this con-
veyance but of which they allege Willoughby did not
then have seisin. The plaintiffs were unsuccessful and
have appealed.

The tract of land conveyed extended for 1⅜ miles
east and west. For years there had been a road known
as the ''Bellen road'' that ran practically north and
south through this country and which crossed the east
end of this 340 acres and cut off a strip on the east end,
which strip is 435 feet wide at the north end, 430 feet
wide at the south end, and extended 1320 feet north
and south.

This strip, 1,320 feet long, of an average width of
432.5 feet, containing 12.2 acres, and lying east of the
old Bellen road, is the property that brought about this
controversy. This strip the proof shows is now claimed
by the heirs of Mrs. R. M. Hawkins by adverse posses-
sion. The length, extent, and validity of their claim
we will discuss later. That this 12.2 acres is included
within the boundary conveyed by Willoughby is admit-
ted, and there is no evidence whatever that it is or ever
was included within any boundary under which the heirs
of Mrs. Hawkins are holding, but it is claimed in plead-
ings, for the appellants, that Charlie Hawkins years ago
took possession of all the property east of this old
Bellen road and that he has had possession thereof con-
tinuously since then.

Plaintiffs allege in their pleadings that it is the
heirs of Charlie Hawkins that are in possession of this
12.2 acres, while such proof as there is shows that it is
the heirs of Mrs. R. M. Hawkins that are claiming this
possession. Charlie Hawkins and Mrs. R. M. Hawkins
were husband and wife; both are now dead; he died
about 1917 and she in 1931.

### The Law of Mississippi.

It is alleged and proven that under the law of
Mississippi these plaintiffs have now the right to bring

this suit in the way they have; that the deed made by Willoughby is a statutory form and that by the laws of Mississippi the word "warrant" as used in it covers and embraces all of the five covenants of warranty known to the common law, to wit: *Seisin, power to sell, freedom from encumbrance, quiet enjoyment,* and *warranty of title.*

There was no attempt made to set forth the laws of Mississippi on other questions.

This is a suit in a Kentucky court to recover upon a breach of covenant of seisin, which occurred in Mississippi if it did anywhere.

### What is Seisin?

There is neither allegation nor proof of what the law of Mississippi may be regarding seisin, which we must assume is the same as the common law of Kentucky and that is sufficiently set forth in Speed v. Buford, 6 Ky. (3 Bibb) 57, Gaines v. Conn's Heirs, 25 Ky. (2 J. J. Marsh.) 104, and Fitzhugh v. Croghan, 25 Ky. (2 J. J. Marsh.) 429, 19 Am. Dec. 139.

### Adverse Possession.

There is neither allegation nor proof of what may constitute adverse possession in Mississippi; therefore we must assume it is the same as the common-law rule in Kentucky, and that, except as to length of time it must continue at common law, is set out in Flinn v. Blakeman, 254 Ky. 416, 71 S. W. (2d) 961.

### The Evidence.

As stated, this land lies east of the Bellen road. Mrs. R. M. Hawkins owns a large tract that adjoins this 12.2 acres on the east. There is evidence that one or possibly two small houses were built on this 12.2 acres at one time, but there is no evidence when, by whom, or under what circumstances. The one that is definitely located on this 12.2 acres was destroyed by fire, but it is not shown when. The remaining house we cannot say is shown by this proof to be on this 12.2 acres. There was at one time a fence built around this 12.2 acres, but the evidence does not show when, by whom, under what circumstances, or how long maintained. There is some evidence of some cultivation of this 12.2 acres in the years 1931 and 1932, but that does not concern us, for our sole question is: Did Willoughby have seisin Octo-

234

ber 7, 1919? If he had not, plaintiffs must prevail; and if he had, plaintiffs must lose even though they were disseised on the day following their purchase, for a warranty of seisin is either broken the moment the deed is delivered or it is never broken. See Fitzhugh v. Croghan, 25 Ky. (2 J. J. Marsh.) 429, 19 Am. Dec. 139. It is of no concern to the grantor if the grantee suffers a disseisin the next day.

Witnesses testify this land has been in the adverse possession of Hawkins for thirty years. So much of their testimony in this regard as is not simply by way of conclusion is controverted either directly or by circumstances pointing inevitably to the contrary. The evidence preponderates in favor of the decision reached by the trial court, and we are convinced that its conclusion is correct.

Judgment affirmed.

Whole court sitting.