## BERRY et al. v. CRISP et al.

Court of Appeals of Kentucky.
March 21, 1952.

Howard & Francis, Prestonsburg, for appellants.

Joe Hobson, Prestonsburg, for appellees.

CAMMACK, Chief Justice.

The appellants, Charles and Ottie Berry, purchased a small tract of land on Crisp Branch in Floyd County from the appellees, Henry and Rosa Crisp, under a general warranty deed. This tract was a part of James Crisp's land which he divided among his children some 25 or 30 years ago. James Crisp had disposed of all the minerals under his property before he made the division to his children. All of the division deeds, as well as subsequent ones to parts of the property, reserved a

10 foot road up a branch through the property of Bascom Crisp and Ammie Frasure. The deed from the appellees to the appellants also referred to the roadway. A dispute arose between the parties as to the breach of warranty of title to the minerals and also as to the location of the road.

The appellants filed this action at common law to recover damages for the breach of warranty and also for the failure to locate the road properly. On motion of the appellees the cause was transferred to the equity docket. Before judgment the appellants sought unsuccessfully to have the case transferred to the ordinary docket for the assessment of damages for breach of warranty as to the minerals. Final judgment was entered dismissing the petition as amended, and reforming the deed so as to except the minerals as asked by the appellees in their answer and counterclaim. The appeal is from that judgment.

We will dispose of the roadway question first. The evidence shows conclusively that Crisp Branch has been used for many years as the roadway to the part of the old James Crisp tract now owned by the appellants. This was the roadway referred to in the James Crisp division deeds. The testimony of the draftsman of those deeds leaves no doubt on this point. Furthermore, Mrs. Berry drove up the roadway when she went to the home of the appellees, saying that when she went anywhere on business she always told her business and that she wanted to buy a little place in the head of the branch. It was proper to dismiss the appellants' petition on the roadway phase of the case.

The breach of warranty as to the minerals presents a much more serious question. As we have noted, James Crisp sold all the minerals before dividing his land among his children. Certainly all the Crisps knew that the minerals had been sold. Harry Crisp, a brother of Henry, drew the deed in question; but, through error or oversight, he drafted a general warranty deed. There was no discussion between the parties on the question of minerals prior to the execution of the deed, except that Henry Crisp said Mrs. Berry asked about the natural gas piped to the house and he told her he would let her use it until he needed it. There is no question of fraud in the case.

The rule is that, even though the grantee knew at the time of the conveyance that the grantor did not have title to the minerals, he may recover for the breach of warranty. Stratton v. McGuire, 249 Ky. 101, 60 S.W.2d 380, and cases cited therein. In the case before us the proof does not show that the Berrys knew that the minerals had been sold.

We do not think the reformation question changes the situation. As pointed out in Kentucky Title Company v. Hail, 219 Ky. 256, 292 S.W. 817, a unilateral mistake is not a ground for reformation. As a general proposition a court of equity will not reform a written instrument unless it appears there was a valid agreement; that the written instrument failed to express the agreement; and that the failure was due to mutual mistake. These circumstances must be shown by clear and convincing proof.

It may be, as contended by the appellees, that the price paid by the appellants was no more than a reasonable price for the surface of the land. This, however, is a question which addresses itself to the jury in the assessment of damages. It is our view that the breach of warranty question concerning the minerals should have been tried before a jury.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.

COMBS, J., not sitting.