## HAAS et al. v. GAHLINGER.

Court of Appeals of Kentucky.
April 18, 1952.

Wm. E. Berry, Louisville, for appellant.
Leo J. Sandmann, Louisville, for appellee.

CULLEN, Commissioner.

This case involves the right of a purchaser of land to recover damages from the seller, by reason of the existence of some old graveyards on the land. The purchaser has appealed from a judgment denying him any recovery.

In 1946, Mrs. Annie M. Gahlinger sold to Joseph Haas a tract of 21 acres, located within the City of Louisville. Haas executed 19 purchase money notes, totalling $11,-000, the first three being for $1,000 each and the others for $500 each. The notes were payable at one-month intervals, and a purchase-money lien was retained in the deed.

Haas paid all of the notes except the last three, and Mrs. Gahlinger brought suit against him to recover the amount of the three notes, plus interest, and to foreclose the lien. She attached a copy of the deed to the petition, as an exhibit, and it shows that the deed contained a covenant of general warranty, a covenant of seizin, and a covenant that the property was free of all encumbrances, "except easements, restrictions and zoning laws affecting said property, if any," and except 1946 taxes.

In an answer and counterclaim, as amended, Haas admitted he had not paid the three notes, but set up a counterclaim for damages based on the following allegations:

1. By a deed in 1897, Mrs. Gahlinger and her former husband conveyed to one Churchman, in fee simple, a piece of land 16 by 32 feet, within the boundaries of the 21-acre tract in question.

2. The Churchman lot, together with another small lot adjoining it, known as the "Old Woody Graveyard," are occupied by some 16 graves of the Churchman and Woody families.

3. Haas did not know of the existence of the two graveyards until he commenced to clear and level off the land for the purpose of subdividing it, the graves having been concealed by weeds and undergrowth.

4. After Haas discovered the graveyards, Mrs. Gahlinger agreed to bear the expense of removing and reburying the bodies, and Haas paid some of the purchase-money notes in reliance upon that agreement.

5. The deed from Mrs. Gahlinger to Haas expressly provided that the interest on the purchase-money notes should not

begin to run until "full and complete possession" had been given to Haas; the existence of the graveyards deprives him of full and complete possession, and therefore he is entitled to recover the interest he has paid.

Haas sought judgment, on his counterclaim, for the cost of removing and reburying the bodies, and the interest he had paid on the first 16 notes, less the face amount of the three notes remaining unpaid. The relief he sought clearly was damages, and not rescission.

The trial court sustained a demurrer to the answer and counterclaim, and judgment was entered for Mrs. Gahlinger on her petition. The court did not write an opinion, but it appears from the briefs that the basis for the decision was that the graveyards constituted easements and therefore came within the clause of the deed excepting "easements" from the covenants.

■■ The general rule is that the right of the relatives of deceased persons in ground dedicated to family burials is a mere easement and not a fee. See Johnson v. Kentucky-Virginia Stone Co., 286 Ky. 1, 149 S.W.2d 496; Brunton v. Roberts, 265 Ky. 569, 97 S.W.2d 413, 107 A.L.R. 1289; United Cemeteries Co. v. Strother, 332 Mo. 971, 61 S.W.2d 907, 90 A.L.R. 438; 14 C.J.S., Cemeteries, § 20, p. 79. With respect to the Woody Graveyard, there is no pleading that the Woody family ever acquired anything other than a mere burial privilege, so under the foregoing rule the Woody Graveyard constitutes only an easement. However, a different situation exists as to the Churchman Graveyard.

■■ The pleadings show that the lot used by the Churchman family was conveyed to Churchman in fee simple, and the deed makes no mention of any purpose to use the lot for a graveyard. Under those circumstances, the Churchman family acquired a fee simple title, and their election to use the lot for burial purposes cannot have the effect of reducing their title to a mere easement. Therefore, the Churchman Graveyard does not come within the "easement" exception in the Gahlinger-Haas deed.

■ Since the Churchman lot was conveyed in fee simple, Mrs. Gahlinger's covenant of seizin was broken the moment the deed was delivered to Haas, no eviction being necessary. Fitzhugh v. Croghan, 25 Ky. 429, 19 Am.Dec. 139; Dortch's Ex'r v. Willoughby, 272 Ky. 231, 113 S.W.2d 832. It also would seem that the covenant of general warranty was broken at the same time, because the occupation of the land by the dead bodies of the Churchman family prevented Haas from acquiring possession. Foxwell v. Justice, 191 Ky. 749, 231 S.W. 509; Stratton v. McGuire, 249 Ky. 101, 60 S.W.2d 380.

■ Counsel for Mrs. Gahlinger argues that since the Churchman deed was of record, and since that deed made reference to the Woody Graveyard as adjoining the lot conveyed to Churchman, Haas was put on notice of the existence of the graveyards at the time he bought the property. Constructive notice by reason of a recorded instrument is no defense to an action for breach of covenants of title. Stratton v. McGuire, 249 Ky. 101, 60 S.W.2d 380; Berry v. Crisp, Ky., 247 S.W.2d 384.

■ On the question of breach of covenants, it would appear from what we have said, that Haas is entitled to recover damages for a breach as to the Churchman Graveyard, but not as to the Woody Graveyard, the latter having been excluded from the covenants by virtue of the exception of "easements." However, there is a specific allegation in the answer and counterclaim that Mrs. Gahlinger, after Haas complained about the graveyards, agreed to bear the expense of removing and reburying the bodies. In view of the breach of covenants as to one of the graveyards, and in view of Haas' possible right at that time to demand a rescission, there certainly was good consideration for such an agreement. We think that the allegation as to the agreement was sufficient to state a cause of action to recover the cost of removing and reburying the bodies in both graveyards.

■ Mrs. Gahlinger contends that Haas waived any rights he may have had, by paying 16 of the notes and by exercising ownership of the land conveyed. This is answered by the allegation in the answer and counterclaim that Mrs. Gahlinger agreed to pay the cost of removing the bodies, and that Haas continued to pay the notes in reliance on that agreement.

■ Concerning the question of interest on the notes already paid, it is our opinion that Haas' right to recover the interest will depend upon the nature of the proof introduced. If the proof should show that Haas was substantially deprived of enjoyment of possession of the premises by reason of the graveyards, he should be entitled to recover the interest, because he did not receive "full and complete" possession. On the other hand, if it appears that Haas has exercised practically complete ownership of the tract conveyed, this should be considered sufficient possession to comply with the intent of the parties as expressed in the clause of the deed referring to interest on the notes.

■ There seems to be some confusion and inconsistency in the answer and counterclaim concerning the basis for recovery and the measure of damages. If Haas is seeking damages for breach of covenants, the measure of damages, whether for breach of covenant of seizin or breach of covenant of warranty, is that proportion of the original purchase price which represents the value, at the time of the conveyance, of the part of the land lost by the breach, together with interest from that time. Wilson v. McGowand, 192 Ky. 565, 234 S.W. 17; Mercantile Trust Co. v. South Park Residence Co., 94 Ky. 271, 22 S.W. 314. On the other hand, if the basis for recovery is Mrs. Gahlinger's agreement to pay the cost of removing the bodies, then that cost is the measure of recovery. Upon the return of the case to the lower court, Haas should be required to make an election as to which cause of action he wishes to pursue.

The judgment is reversed, with directions to set it aside and to enter an order overruling the demurrer to the amended answer and counterclaim.