*273 OPINION of the Court, by
Ch. J. Boyle.
Morgan aud Cox executed to Strode their joint obligation, conditioned to warrant the tide of a tract of land of eight hundred acres. °
Strode having been evicted from part of this land, brought a suit in chancery, to obtain an indemnity for the damages he had sustained by the eviction, and made Morgan, the hen s of Cox, (be having in the mean time departed this life) his administratrix and her securi- ' ties, defendants. ,
The subpeena was not served-upon Morgan, nor were any further steps taken as to him. The heirs and administratrix of Cox answered, but the latter having died pending the suit, the cause was never brought to a rearing as to her, and with respect to her securities no steps were taken subsequent to the service of the sub pama; so that the cause was brought to hearing against Cox s heirs only.
The court below decreed that they should nav to Strode the value of the land from which he had been evicted, estimating it at the time of eviction in its native state, without improvements ; from that decree both parties appealed to this court.
Previous to the discussion of the merits of this case it is proper to dispose of some preliminary points presented to the consideration of the court by the assignment of errors on the part of Cox’s heirs. 1st. They contend that the complainant’s claim was purely legal, and that his remedy was at law and not 111 equity,
To obviate this objection it seems sufficient to remark, that some of the heirs had aliened the land which had descended to them, prior-to the commencement of at *274 aliened the land descended to him, he might in á suit at law discharge himself by pleading that he had nothing by descent at the time of suing out the writ. In such case he would however be responsible in a court of equity_2 Atk. 204, 1 P. Will. 777, 2 Saund. p. 7, n 2.
⅛jfofe⅛ defendants is so intimately ton-ekhetdoul/cK ject- Tf the o. thers had not ⅛ ⅞ ⅛ -aufe must be fought to heanng agamtt
In a fayment of “ bond all the ob ligors must be parties, »he-several j°but °a mere fecurity, not bound ⅛ e tribute,⅛ n™d not be made a
gains" the ‘ heir to have compensation in the^obiigatlon of the anceftor the executor or adminiftrator must be made a party, as the petfonal estate i ‘°
lúftMtor dies iile b>11-ami no adminis-tr*tion áí b<.ns ^ geftion of the lact>,he «#<»•> proc.«¡ a„a,„¿ ths heir, and n,-=J not m;ike ins securities-of the ¡,⅜⅛⅞⅛ tor parties to
*274 R >s true’ that by the statute against fraudulent devises, the heir is, in case of alienation, made liable at law for tbe value of the land sold by him ; but this statute containing no negative words, and its provisions, not being inconsistent with the responsibility of the heir in a court of equity, does not seem to have taken from the party'having a’claim Upon him, the right to resort to that court for relief, in cases where such relief Would ¡Klve been proper before the statute. It cannot indeed be denied, that the court of chancery had its origin in the defects of the common law, and that it was instituted for tbe purpose of giving relief where courts of law afforded none, or at least none that was adequate to the demands of justice. But it is equally undeniable, that in ,nany cases in which the common law originally affor- ^ nQ but to which in the progress of time the courts of law, by perhaps an unjustifiable liberality, extended relief, the court of chancery still retains its ju- . ,. . nsdiction.
Thus, for example, where a security has paid money his principal, or a co-obligor has paid the whole debt, the remedy to recover the money was anciently in equity only, and although courts of law have in cases of t}lis kind ’ now obtained by long usage a jurisdiction not to be questioned, the propriety of applying to a court of equity for relief cannot be doubted. The principle seems to be the same where the remedy at law has been given by statute, in cases which were originally cognizable in a court of chancery only. Thus in the case 0f tbe security or co-obligor just mentioned, if they have been compelled to pay the money by judgment and execution, the statute has given them a summary re-med bv motion to the court where judgment wasren-a A J dered.
This statute, however, has never been construed to take ffom tbem the right which they had before its passage, of resorting to a court of chancery for relief. So cases where there have been partial payments upop ⅝ bond> the Btatute allowing such payments to be setoff *275 at law, does not, in case the party should fail to avail himself of its provisions, preclude his application to a court of equity to obtain his credits. Many other cases might be mentioned to exemplify this doctrine, but these will suffice to shew the correctness ol the position assumed in support of the jurisdiction of the court in this case.
Upon cove** nanc of wawanty the value of ^ at ⅛ wlrranty made is the meall,re . oi ¡„ case of e_ viction, andth# ««n-compensation04* tv mewafed value b7 dl3CQ' f^ry &c.
fin “«nmts malote’h !⅛ ⅛
, c°nirata*_ where tb8 vendor without is lncjPa-a title, the pur-chafer is enti-t!e,J!° !“ve pnrchaic money refunded with interest,
ty wh^Tthe purchafcr is e-vicKd* £he Ti* he of the land at the time of sale, to be as-certamed by the párchate money if tx-frened m the deed or together interest and cofts, legal and -, , , deed or known, with extraordinary} expended defence of the title, is the mages, but if the purchafe money- be not exprefsed in the deed, other mean» may be used to ascer-
*275 2dlv. It is objected that the cause was not brought to a hearing against all the parties.
bringing the cause to hearing as to some, be-be prepared for hearing as to the others. But where the interest of defendants are so intimately connected, that _ _ _ Where the relative situation of defendants is such, that the complainant miirlu, or might not, at his election, , i .1 • • • , have made them parties, we can see no impropriety m ore it may ’But -where •*’ either could object to a bill because the others were not made parties, it would seem necessarily to follow that a decree as to some, without having the cause heard as to the others, would be erroneous. That it was not only proper, but necessary, that Morgan should have been a party, is evident, both upon precedent and principle.
It has been determined, that if there be a bill against the executors of one obligor, all the obligors must be joined ; so if a bill be brought for the payment of money upon bond, it must be against all the obligors, or else there can be no decree — Hind’s Ch. Pr. 4, and the cases there cited. This rule applies, not only where the obligation is joint, but where it is joint and several— Maddox vs. Jackson, 3 Atk. 406. The reason is, that all the obligors are bound to contribute to the payment of the debt, and that the obligee shall not have it in his power to impose the whole burthen upon one, who is entitled to the assistance of others.
It is true that the complainant alleges that. Morgan :was only security ; and were that fact admitted, the reason of the rule would not apply to. this case, or autho-rise Cox’s representative to object that he was not-made « . ? i r* i ■ r - i . , , , a party to the decree. liut tins fact is denied by the answers, and although there is proof in the cause that the consideration for the 800 acres was given to Cox, yet as the bond itself states that the land was sold by Mor- : gan, arid as the title was originally in him, it is proba- , -ble he was bound at lefest equally, if not principally, to *276 or to indemnify in case it should be de-.«⅜ secure the till fective. Under such circumstances, however, whatever may be. the true state of the fact in question, it seems proper that Morgan should have been a party, and pro ceeded against to a hearing.
With respect to the admini , , , , , , cessary that she should have at law car obligee may sue cs representatives, vet in equitv • jpg the executor or administrator— Ashurst vs. Eyre, 2 Atk. 51, and Knight vs. Knight, 3 Pr. Will. 333-4, If when the suit abated by the death of the administra* ratrix, it also seems ne-ceo a parre ; for though ier the heirs or personal .,, .. ., as the personal estate is ' , , , , - , “tst to be charged, the heir cannot be sued without loin-trix, it had been suggested by an amendatory bill or Qt>nerw¡se that no administration dehorns non ha ! be; tt granted, it would have been unnecessary to proc oi ‘a: ther against the personal estate, as in that < use there have hern no personal representative against , ‘ c . r , , . whom to proceed. As to the securities ot the admHus-tratrix, they do not seem necessarily to have been par- • ¿ therefore there is no ground for objecting the. they were not proceeded against to a nearing.
On the merits of the case the only point which demands attention respects the measure ot compensation to which the complainant is entitled. On a covenant ot. warranty, on which the remedy at common law is by voucher or writ of zt/arrantia charlee, the recovery was according to the value of the land at the time when the warranty was made, and although the land might after-wards have greatly increased in value by the discovery of mines or by buildings or otherwise, yet the purchaser, in case of eviction, was entitled to no additional compensation for such increase ot value. That this is the settled rule of the common law, is abundantly proven by the most unquestionable authorities — See 1 Reeve’s En. Law 448, 22 Vin. Abr. 144, Cro. Car. 456, Hargrave’s notes to Coke Littleton, folio 82 a.
The warranty which was a covenant real has long been disused in England, and in its stead have been substituted the personal covenants of seisin, ot good right to sell, &c. These latter have superseded the for-> mer, on account of the more easy and certain remedy which they afford j but it is apprehended that their introduction into conveyances produced no change in the *277 rule of compensation. Such a change, clicl it exist, would undoubtedly have been noticed by some of the ' writers upon this branch of the common law ; but not a trace of such a doctrine is to be found in any of the English reporters or elementary treatises ; on the contrary, whenever the subject is spoken of, the personal covenants are always mentioned as being preferred, for other reasons ; ivhich virtually negatives the idea that their introduction into conveyances was followed by any change in the established measure of compensation— 2 Black. Com. 308. This is the more probable too, since it is known to be at this day the settled doctrine in England, that in a contract for the sale of land, where the title proves defective, and the vendor is without fraud incapable of making a good one, the purchaser is entitled to recover only the consideration paid, with interest—2 Black. Rep. 1078. See also Sugden’s Law of Vendors 166, 176, and the cases there cited.
It may not be improper here to remark, that some of the most enlightened courts of America have recognised and sanctioned by their decisions this doctrine of the common law.
. supreme courts of New-York and of Pennsylva-laia have determined that on a covenant oí seisin the rule of compensation is the value of the land at the time entering into the covenant, to be ascertained by consideration paid, with interest and costs attending the eviction. In the learned and.,able opinions given those courts, it is assumed as an incontestable position, that on a warranty the recovery is according to the value at the'time the warranty^las made, and not the increased value at the time of eviction ; and hence they inferred, as we|l as from the intrinsic propriety of the rule itself, that the measure of compensation was ought to be the same upon a covenant of seisin—Staats vs. Ten Eyck, 3 N. Y. Term Rep. 111—Bender vs. Fromberger, 4 Dallas 441.
The law having fixed the measure of compensation, whatever might be our private notions of its equity, we would not, as judges, be at liberty to depart from it. But were the question a new one, and now for the first time to be settled, we know of no rule less exceptionable or more commensurate with the demands of justice than that which the law has established.
*278 So far as the increase of value has been the effect of improvements made by the purchaser, he ought to be remunerated: but justice requires that this remuneration should be made by the successful claimant, who receives the benefit of those improvements : for nemo debet lobupletari aliena facticia, is a maxim of universal justice, adopted and enforced by our law- If the purchaser came within the statute concerning occupying claipaants, tha legislature has provided such a compensation to be made by the successful claimant as they deemed just; and if lie be not within- tire provisions of that statute, the principles approved and acted upon by this court in the case of Hart's heirs vs. Baylor (a), a recalculated to afford him the most ample relief. If he wilfully or supinely neglects to pursue the remedy which the law has given against the successful claimant, he ought to abide the loss, and not be permitted to found upon,l»is own negligence a claim to aa additional compensation against the seller.
But where the land has risen in value from accidental or extrinsic causes, the pretensions of the purchase! to a, compensation for such increase of value appears to be unsupported Lv any principle of ,,.oral justice.. The rise in the price has uot been prod tee 1 by any merit in the purchaser, nor has it accrued t« the benefit of the seller. The former has paid nothing, nor has the latter received any thing, for such increased value. Where there has been no frau 1 in the transaction, and none is alleged in this case, both parties are equally innocent ;• and as the purchaser is '.-eantending de lucro captando, and the seller rk da mm evitando, to compel the lattes to respond to the former for the rise of value, would be directly contrary to the maxim of moral equity' which prohibits one man from being enriched to. the prejudict eh another.
It is said that the purchaser might have laid out bis money in buying other lands, with equal advantage in the title, of which he would have been secure : but he might trot have dorse so ; he might have laid it out in land, the title of which was defective, and the vendor insolvent; he might have lent it upon bad securities, or Ire might have lost it in visionary speculations, or squandered it in useless extravagance. There is a clear $n,d palpable distinction between that which a naan *279 to i glit have gained, and that which he has actually lost, A hare possible hypothetical loss can never be adopted its the measure of compensation, and still more unjust Would it be to allow a compensation lor that which is but a possible gain. In all cases upon contract the recovery ought to be confined to the actual damages sustained, without regard to the gain which by possibility might Slave been made,
The increase of value belongs to tire proprietor of the land, to which it is inseparably attached, and in strict propriety the purchaser of the defective- title cannot be said to have lost that which he never owned. All that he has lost, of which he was proprietor, is the consider ration paid, and the money expended in defending the tide; and th.is is all that has accrued to the benefit of the vendor. 1 he money thus paid by the purchaser, together with interest thereon, being the extent of the ac tual damagts sustained on the one side, and the actual benefit received on the other, forms the just measure of compensation to which the purchaser is entitled, and for which the seller ought to respond.
This rule, just in general, is peculiarly so when applied to the situation of this country. Such has been the rapid and enormous rise in the value of land in this country, from its unexampled growth in wealth and population, that the parties to contracts of nn early day could not, without the spirit of divination, have anticipated such an increase in value ; and-to subject the seller to pay the present value, would not onlv be giving to the purchaser more than he had expected in case of eviction, but would involve the seller in most instances in irretrievable ruin.
But it is said that it was the general understanding of the people of this country, that in case of eviction the seller was to render to the purchaser the increased value. The general understanding upon a subject of this is in most cases bit t oguely ascertained ; in any case it is but an unsafe and unsatisfactory rule, and in no case ought it to be resorted to, where the law has established a fixed and definite rule.
But the increase of value expected by the partis# (if any were expected) was probably a moderate and reasonable one, such as that the interest of the purchase money might compensate for, and not that enormity of *280 increase which has taken place in the country. Such an increase, as it could not have been anticipated by the parties, did not enter into thfir expectations, and according to the best ethical writers, what was not in the expectation of the parties makes no part of the contract. We are however inclined to believe that contracts of this, sort were most frequently entered into without any distinct view of the extent of the seller’s responsibility, the parties leaving it to he determined by the rules of law and reason, applied to their agreements.
But if the general understanding of the people were admitted to be what it is supposed, it is dear that an erroneous sense of obligation in the seller could not give to the purchaser a right to recover that to which he is entitled neither by the rules of morality nor law.
Upon the whole, we are of opinion (Judge Logan dissenting) that the value of the land at the time of sale, to be ascertained by the purchase money, if expressed in the deed, or known, together with interest thereon and the costs, extraordinary as well as legal, expended in defence of the title, is the measure of damages,to be recovered ; but if the purchase money be not expressed in the deed, other means may he used to ascertain the value. , , ,
, , , Wherefore it is decreed and ordered that the decree of {he circuit court, except as to the defendant Moxley, he reversed, annulled and set aside, and the cause be remanded to said court, that new proceedings be. had therein not inconsistent with the foregoing opinion. And it is further decreed and ordered that the complainant James Strode pay to Cox’s heirs their costs expended in these cross appeals.

 Hard.