## Beutel v. American Machine Co.

(Decided June 2, 1911.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1.  The vendor who conveys land with general warranty and fails to give the vendee possession because the property is held by a tenant who refuses to vacant, is liable in damages to the vendee.

2.  The measure of damages in such a case is ordinarily the fair rent of the property while the vendee is kept out of possession and the amount necessarily expended in getting possession.

3.  Special expenses incurred by the vendee in his business by reason of not getting possession of the property, can not be recovered unless the vendor has notice before the sale that such damages will reasonaby occur if possession is not given.

AL. M. MARRET for appellant.

M. A., D. A. & J. G. SACHS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing on appeal, and affirming on cross-appeal.

In August, 1906, G. P. Beutel sold certain real estate he owned in Louisville to the American Machine Company, the deed being signed and acknowledged August 8th, but the check and notes for the consideration were delivered August 28th, and the deed was then recorded, having been held by the attorney who drew it until that time. At the time of the sale a tenant of Beutel was living on the property and in the negotiations this fact was canvassed between the parties. The purchaser desired immediate possession. The testimony for it is to the effect that Beutel said that the tenant was holding by the month and would go out in two weeks. The testimony for him is to the effect that he told the purchaser that it could have the property at $3,500.00 with the tenant in it, and would have to get the tenant out. After the trade was made the tenant was notified verbally to give possession and promised to do so but failed to get a house. On September 1st the purchaser gave the tenant notice that she must vacate the house in thirty days. The tenant failed to vacate and on October 4th, a forcible detainer proceeding was instituted against the tenant. Judgment was entered in the proceeding on October 10th, in which it was agreed that a writ of possession should

issue on October 15th. The tenant traversed the proceeding and shortly thereafter an agreement was reached between the purchaser and the tenant by which the tenant vacated the house, and the purchaser paid the cost of the proceeding. When the purchaser's notes executed for the price of the property fell due, this suit was brought by Beutel to enforce payment. The purchaser by its answer pleaded in substance that Beutel had sold it, the property, with general warranty knowing that it was buying the property with the view of immediately erecting its boiler rooms on it; that by reason of the delay in getting possession of the property, it had been damaged in the sum of $1,700.00. The damages claimed are these: It dismantled its power plant expecting to get possession of the property it had bought and failing to get possession, had to hire power from the Louisville Lighting Company, which cost it $643.80; it had to put up a piece of smoke pipe costing $10.00; had to set up a boiler and make connections costing $35.00; it had to buy belting which cost $50.19, and in addition to this it lost time of men and work amounting to $961.54. On a trial of the case, the court allowed damages on the counter-claim to the amount of $650.00. From this judgment the plaintiff appeals and the defendant has taken a cross appeal.

The plaintiff sold the property to the defendant knowing that it wished immediate possession, knowing this he made it a warranty deed. The deed is silent as to any rights of the tenant, and it is claimed that the tenant had a lease which entitled her to hold the property until November 1st; but we do not regard that as material. The tenant was in possession and whatever right she had to the property was an encumbrance upon the plaintiff's title and covered by his warranty. But we think it fairly appears that the deed was not delivered to the purchaser and that his notes and check were not delivered to the vendor until August 28th. The purchaser cannot complain that it did not get possession of the property until the transaction was closed by the delivery of these papers. It did get possession about two months later. While there is abundant evidence that the purchaser wanted the property for the erection of a boiler house and wished immediate possession, the evidence is insufficient to show that Beutel had any notice that if the purchaser failed to get possession, it would dismantle the

plant it was then operating and look to him for damages for power it might have to hire, or things it might have to buy to operate its plant until it did get possession. There was nothing in the transaction to apprise a person of ordinary prudence that such damages as these would result from the purchaser's failing to get possession. The rule is that damages may only be recovered for such things as a person of ordinary prudence might reasonably anticipate to result from the breach of the contract. (L. & N. R. R. Co. v. Menk, 126 Ky., 337; I. C. R. R. Co. v. Nelson, 30 R.,114; I. C. R. E. Co. v. Hopkinsville Canning Co., 116 S. W., 758.) We have often applied the rule refusing to allow special damages not within the reasonable contemplation of the parties at the time the contract was made. Under the evidence there can be no recovery here beyond the reasonable value of the use of the property for the time that the purchaser was kept out of possession, and the amount necessarily expended in getting possession. Under all the evidence we fix this at $100.00.

Judgment reversed and cause remanded for a judgment as above indicated. The judgment on the cross appeal is affirmed.