## Bayes and Wife v. J. F. and Alonza Blair.

(Decided June 1, 1923.)

### Appeal from Johnson Circuit Court.

1. Covenants—Eviction Unnecessary Before Action for Breach of Warranty of Title to Minerals.—The rule that no relief can be obtained for breach of warranty of title until the grantees are evicted from the land, or some portion thereof, under a superior title is subject to exceptions where the deed conveyed both the surface and the minerals, and the vendor was without title to the minerals, in which event the purchaser need not be evicted of the minerals as. prerequisite to relief for breach of the warranty.

2. Covenants—Knowledge by Grantee of Outstanding Title Does Not estop Reliance on Breach of Warranty.—A purchaser is not estopped from relying on a breach of warranty contained in his deed because he had actual knowledge of the outstanding title at the time he made his purchase.

3. Reformation of Instruments—Grantee's Knowledge of Outstanding Title is Competent Evidence of Fraud or Mistake.—In an action involving defense of breach of warranty in which grantor claimed the conveyance of full title was a mistake, and asked reformation, evidence that the grantee had actual knowledge of the outstanding title before he purchased, though insufficient to show estoppel to assert breach of warranty, is competent on the issue of fraud or mistake in omitting from the deed an exception of the outstanding title.

4. Reformation of Instruments—Evidence Held to Sustain Finding Exception of Minerals was Omitted by Mistake.—Positive testimony by the grantor and by other witnesses that he agreed to sell only the surface rights of the land in controversy, with evidence that it was a matter of common knowledge the minerals in the land were owned by others, and that the grantee knew of that fact, contradicted only by the grantee, and by remote or vague circumstances having a slight tendency to support the grantee's version, held sufficient to sustain the chancellor's finding .that it was intended to convey only the surface, and that the exception of the mineral rights was omitted from the deed by mistake.

HOWES & HOWES for appellants.

A. J. KIRK and F. P. BLAIR for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On January 1, 1917, the appellee, J. F. Blair, and his wife conveyed to the appellant and defendant below, Dora Bayes, a tract of land in Johnson county containing about thirty acres, the deed containing a covenant

of general warranty of title. Appellant and defendant, Leander Bayes, the husband of the vendee in that deed executed his notes for all of the consideration except $25.00 cash paid at the time. The vendor, J. F. Blair, before the maturity of those notes assigned three of them ($100.00 each) to appellee and plaintiff below, Alonzo Blair, and he filed this equity action in the Johnson circuit court to collect two of the unpaid notes transferred to him and to enforce his vendor's lien on the land conveyed.

Defendants answered and made it a cross-petition against their vendor, J. F. Blair, and pleaded that the contract for the purchase of the land was one for the entire and complete title thereto and that the deed executed to Mrs. Bayes conveyed such a title, and that the warranty contained therein was broken in that the minerals under the land were sold and conveyed to another by Blair's vendor before he purchased the land and that at the time of his conveyance to defendants he did not own the minerals but only the surface; that the minerals under the land were reasonably worth at the time of the conveyance to them by Blair the sum of $400.00, and that they had been damaged by reason of the breach of warranty of title in that sum, and they asked judgment against him for that amnout and that it be applied as an offset against plaintiff's notes and against another one which J. F. Blair had assigned to C. E. Blair, who later came into the case and set up his note. Neither of the assignees of the notes pleaded that they obtained them in due course or without notice of prior equities. J. F. Blair, in response to that pleading, denied that defendants contracted to purchase the complete title to the land but that the agreement was that he sold and defendants purchased only the surface thereof, and that by oversight or mistake of the draftsman of the deed, who was selected by both parties to prepare it, it was so written as to convey the absolute title instead of only the surface; in other words that it did not conform to the true contract and he asked that it be reformed according to the facts as he claimed in his pleading. Appropriate pleadings made the issues and upon submission of the cause the court rendered judgment in favor of plaintiff, Alonzo Blair, for the amount of his debt and in favor of C. E. Blair for the amount of the note he held, and ordered the land sold to satisfy those judgments and

dismissed the cross-petition against J. F. Blair. From that judgment defendants appeal, but from the statement in the record no appeal has been prosecuted from the judgment in favor of C. E. Blair.

Appellees insist that defendants can not rely upon a breach of warranty in their deed, or obtain any relief resulting therefrom, until they are evicted of the land or some portion thereof under superior title, which is true as a general proposition. There are, however, some exceptions to that rule, one of which is that a vendee occupying the surface need not be evicted of the minerals thereunder as a prerequisite to relief for breach of the warranty in a deed conveying to him both the surface and the minerals, as was distinctly pointed out in the case of Foxwell v. Justice, 191 Ky. 749, wherein the same contention was made but denied by this court.

It is also insisted by appellees that a vendee is estopped from relying on a breach of warranty contained in his deed when he had actual knowledge of the outstanding title at the time he made his purchase; but that contention was likewise denied by this court in the case last referred to, though, as appears from that opinion, proof of the fact of such actual knowledge by the vendee is competent as a circumstance to establish fraud or mistake in an action on the breach of warranty. It will be observed, however, that in the Foxwell case there was no contention by either of the parties litigant that there was any less title than the whole *agreed* to be sold or purchased. On the contrary in that case the agreement of the vendor was to sell to the vendee the *whole* unencumbered title, and the latter agreed only to purchase such a title, while in this case it was alleged by the vendor, and we think sufficiently proven by the evidence, that the agreement was to sell only the surface of the land. In other words, the vendor (J. F. Blair) sought by his pleading and proof to show, not that *he alone* committed a mistake in the execution of his deed by conveying the entire title when he only owned the surface of the land, but what the *actual agreement* was between him and his vendee, and that by mistake of the draftsman of the deed it failed to show that actual agreement. It is not, therefore, a case where the mistake was unilateral, as was held in the Foxwell case and others referred to in that opinion.

We have before said that in our opinion the evidence was sufficient to sustain the finding of the chancellor to the effect that the only agreement between the parties was for the sale of the surface of the land. Besides the testimony of J. F. Blair to that effect he was supported by a number of other witnesses, while practically the only testimony contradicting that proof was given by defendant, Leander Bayes. Some of his children and perhaps another witness or two testified to remote and vague circumstances having a slight tendency to support his version of the transaction, but which we think is insufficient to overcome the positive proof furnished by J. F. Blair and his witnesses. Furthermore, it was shown by practically every witness who testified that it was a notorious fact, well understood and known in that community, that the minerals under the land had long since been purchased by John C. C. Mayo and by him sold to others. To say the least of it the chancellor found as a fact that only the surface was intended to be sold or purchased, and under the rule prevailing in this court in such cases we are not prepared to disturb his judgment upon that issue.

Finding no error in the judgment, it is accordingly affirmed.