## Sales, et al. v. Duncan, et al.

(Decided November 27, 1923.)

### Appeal from Logan Circuit Court.

1. Evidence—All Prior Agreements Merged in Deed.—All prior agreements and understandings are merged in a deed admittedly valid, and parol evidence that grantee said he cared nothing about the minerals is incompetent to vary covenant of warranty.

2. Covenants—Prior Knowledge of Sale of Minerals Insufficient to Defeat Cause of Action upon Covenant of Warranty.—Actual prior knowledge of sale of minerals upon the part of a grantee of land is insufficient to defeat a cause of action upon the covenant of warranty.

S. R. CREWDSON and COLEMAN TAYLOR for appellant.

OSCAR M. SMITH for appellees.

Opinion of the Court by Judge McCandless—Reversing.

W. T. Duncan inherited a tract of land from which the mineral rights had theretofore been severed by deed. He sold and by deed of general warranty conveyed this to Tom Sales without reference to the mineral rights. Subsequently Sales sold and conveyed it to Ida and Ben Denison with covenant of general warranty.

Upon discovery that the mineral rights had been severed the Denisons sued Sales and his vendor, Duncan, for breach of warranty. After setting up various defenses Sales filed a cross-petition against Duncan in which he sought, in the event judgment was rendered against him in favor of Denison, to recover the same amount as against Duncan. To this Duncan pleaded an estoppel and on final hearing the chancellor awarded judgment in favor of Denison for $250.00, but denied any relief to Sales, and he is now before this court asking an appeal and a reversal of the judgment in so far as it refused him relief against Duncan.

It is testified by Duncan, his two sons and a disinterested witness who was present, that Sales before the execution of the title bond for the property in question came to where these four were at work and asked Duncan as to the title and that Duncan told him that as to the surface it was perfect, but that the minerals had been sold and conveyed theretofore; that Sales said he cared nothing for them as it was the surface he was after. Subsequent to this a title bond was executed and still later the deed in question. Neither fraud nor mistake is pleaded or shown in the execution of the deed. Sales denies the above conversation, but we are inclined to accept appellees' version, and the question presented is, in the absence of a plea or proof of fraud or mistake in the execution of a deed, is appellant estopped from relying on the covenants of his deed by reason of his knowledge at the time that the mineral rights had been severed? It is argued that but for the remark of Sales "that he cared nothing for the minerals" Duncan would not have executed the deed, and therefore Sales is estopped to rely on such covenants.

The issue in this case is upon a covenant of warranty, and it is to be distinguished from an issue of fraud or mistake in an attempt to cancel, rescind or reform a

written instrument. In the latter case the attempt is to show that the writing is no contract or that it is not the real contract between the parties, and parol evidence is admissible for that purpose, but here the contract not being attacked is admittedly valid; hence, all prior agreements and understandings are merged therein and parol evidence is incompetent to vary it, the only question being whether appellant's knowledge of the prior severance of the mineral rights estops him from the recovery of damages. Sanders v. Rowe, 20 Ky. Law Rep. 1082, is relied on as establishing such doctrine, but that case has been distinguished in several subsequent cases, and in the late case of Foxwell v. Justice, 191 Ky. 753, the subject is elaborately discussed and various authorities cited and the conclusion reached that actual prior knowledge of the sale of the minerals upon the part of the purchaser is insufficient to defeat a cause of action upon the covenant of warranty. That opinion is conclusive as to the issue here involved. It therefore follows that the lower court erred in not rendering judgment in favor of Sales for the amount Denison recovered against the latter.

Wherefore, the appeal is granted and the judgment of the lower court is reversed and cause remanded for proceedings consistent with this opinion.