## Dotson, et al. v. Hunt, et al.

(Decided March 13, 1925.)

## Appeal from Pike Circuit Court.

1. Deeds—Lot Not Within Description Not Necessarily Included by Clause, "So as to Include All the Land Owned" by Grantors.—Clause in deed, "so as to include all the land owned and held by" grantors, held not to necessarily include lot in same inclosure as lots within description.

2. Evidence—Statement on Check for Land Held Not Conclusive as to Inclusion of Lot Not Within Description in Deed.—Statement on check, "for one lot between G. G. and P. S. C. Company land," held not conclusive that contract included lot between such lands, but not within description in deed, where parts of lots described were also thus situated, especially as it was ex parte and not shown to have been seen by grantors.

3. Appeal and Error—Chancellor's Finding of Fact on Contradictory Proof Not Disturbed.—Chancellor's finding on contrrdictory proof, that lot not included within description in deed was not included in purchase, will not be disturbed.

4. Reformation of Instruments—Proof Must be Clearly Convincing that Writing Does Not Contain True Contract.—To reform written instrument, proof must be clearly convincing that writing does not contain true contract.

5. Reformation of Instruments—Burden on Plaintiff to Prove that Writing Does Not Contain True Contract.—Burden is on one seeking reformation of written instrument to prove that it does not contain true contract.

6. Reformation of Instruments—Vendee Not Entitled to Rescission of Deed, in Action for Reformation, in Absence of Allegation and Proof of Facts Authorizing Rescission.—In absence of allegation and proof of facts authorizing rescission of deed, vendee is not entitled to such relief, in action for reformation, on ground of mistake as to land purchased, even if otherwise entitled thereto under Civil Code of Practice, section 90, under general prayer for all rightful relief in law or equity.

7. Clerks of Courts—Clerk of Circuit Court Disallowed Part of Fees for Making Transcript Insufficiently Indexing Testimony.—Under Court of Appeals rule 5, subdivisions 6, 8, clerk of circuit court

disallowed $10.00 of $29.00 fees for making transcript, containing index of testimony, not pointing out names of witnesses, pages on which their testimony begins, nor exhibits referred to.

ROSCOE VANOVER for appellants.

WILLIS STATON for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

At the time of the transaction here involved (November 10, 1921), the appellees· and defendants below, Jerry Hunt and wife, Carrie Hunt, were the owners of three vacant lots in the town or village of Liss in Pike county, all three of which adjoined and were within one enclosure. On that day, in consideration of $1,050.00 then paid, they conveyed by duly executed deed two of the lots, known in this record as the Hall lots, to plaintiff, M. J. Dotson, who was the wife of James Dotson, the latter as agent for his wife negotiating the entire transaction. The third lot, known in this record as the Hymore lot, was not described in the deed and that instrument did not purport to convey it.

This equity action was filed in the Pike circuit court by Mrs. Dotson and a vendee to whom she had sold the ·property against the appellees and defendants below, Jerry Hunt and wife, seeking a reformation of the deed so as to include the Hymore lot upon the grounds that in truth and in fact that lot was included in the purchase and that its description had been omitted from the deed through the fraud of defendants and by mistake and oversight on the part of plaintiff, she was induced to accept the deed as written but which, as stated, did not conform to the actual contract between the parties.

The answer denied all the grounds relied on in the petition and averred that plaintiffs never sold or intended to sell to Mrs. Dotson any land except the two Hall lots, and that they were the only ones that she intended to or did purchase, and that the deed executed by defendants to plaintiff was in strict conformity with that agreement. After preparation the cause was submitted to the court followed by a judgment dismissing the petition, to reverse which plaintiffs prosecute this appeal.

James Dotson, who as stated negotiated the trade as agent for his wife, testified that while negotiating the· purchase Jerry Hunt pointed out to him all of the land contained in the one enclosure and the lines of that entire

lot, and stated to him that it was all of that parcel of land that he proposed to sell for the consideration finally agreed to be paid. He furthermore testified that at the time the deed was written, which was done by a notary public of his own selection, Hunt produced the separate deeds of Hall and wife to the two Hall lots and also the deed from Hymore to himself, and that he had fraudulently altered the description in the latter deed, although it had been recorded in the county court clerk's office since about the time of its execution; and if it had been altered as testified to by James Dotson, it was contrary to what appeared on the record. Plaintiffs also introduced two other witnesses who to some extent corroborated that testimony and who said that Hunt pointed out to Dotson all the land in the enclosure as being the parcel about which they were negotiating, and there was some proof that Hunt either then or afterwards stated that he had sold to Mrs. Dotson all of the land within the enclosure. There were some other proven facts and circumstances remotely tending to substantiate that testimony.

On the other hand, Hunt testified that he did not point out any land that he was proposing to sell except the two Hall lots, and also denied that he, on the occasion that the deed to Dotson was prepared, had present any of his deeds except the Hall deed, and that the description in the Dotson deed was taken from it. He was corroborated by the notary public, who prepared the deed and took his acknowledgment, who said that there was no other deed present on that occasion except the Hall deed. In the deed to Dotson certain calls were made as running to the Hymore lot and with the lines as well as the distance separating it from the two Hall lots. So that it was plain to be seen from that description that the Hymore lot was not excluded and conveyed by that deed. Furthermore, if the Hymore deed was then present it would appear that anyone capable of entering into the contract for the purchase of real estate could at once discover that the description contained in it was not included in the deed then and there prepared and executed by Hunt to Dotson.

Considerable stress is made in brief of counsel for appellants upon the fact that the deed executed by Hunt to them at the end of the description of the land therein conveyed says: "So as to include all the land owned and held by the parties of the first part," it being insisted

that it was sufficient to include the Hymore lot. But we do not construe that clause as necessarily susceptible to that construction. Literally it would mean all the land owned anywhere in the world by parties of the first part, since there is no circumscribing language of either location or place, and it is as referable to all the land owned by the first parties under the Hall deed as it is to all the land owned by them under that and the Hymore deeds. It is also insisted that a statement on the check given for the consideration saying "for one lot between George Griffey and the P. S. C. Company land," conclusively corroborates plaintiffs' theory because, as claimed, the Hymore land lay between the points designated in that statement, which is true, but it it likewise true that a portion of the Hall lots were also situated between those two points. Besides, that was an *ex parte* statement made by plaintiff on her check, and it is not even proven that defendants ever saw it. If, however, they did see it, it, as we have seen, applied to the Hall lot as well as to the Hymore lot.

It readily will be seen, therefore, that at most the proof in the case was contradictory with possibly its weight preponderating in favor of defendants. The chancellor so found, and under the rule of practice prevailing in this court in such cases, we are not authorized to disturb that finding. Moreover, it should be remembered that the quantum of proof necessary to reform a solemn written instrument must be such as to be clearly convincing that the writing sought to be reformed does not contain the true contract. The burden in such cases is upon the one seeking the reformation, since the executed document is *prima facie* evidence of the actual contract between the parties, which rule of practice in equity tribunals is of universal application and has been followed by this court from the beginning of its history. In the light of that rule and in view of the chancellor's finding, there is manifestly no ground found in the record for us to overturn it.

But it is insisted that plaintiffs were at least entitled to a rescission of the contract upon the ground that Mrs. Dotson, the vendee, was mistaken as to the land she was purchasing and, therefore, the minds of the parties never met upon the true subject matter of the contract. If the proof sustained that statement, and plaintiffs had alleged and proved the facts authorizing a rescission, they possibly might have been entitled to

that relief under their general prayer "for all relief. that doth to them in law or equity belong" notwithstanding there was no specific prayer therefor, under the provisions of section 90 of the Civil Code of Practice, since the judgment was not rendered by default but after defense made. But whether so or not, it is quite evident that in the absence of a showing, either by pleading or proof, conforming to the practice in actions for rescission, defendants were not entitled to that relief, and the court did not err in refusing to grant it to them in dismissing their petition.

The case of Ison v. Sanders, 163 Ky. 605, relied on by plaintiffs' counsel in support of the right to rescission, does not sustain his contention when viewed in the light of this record. In that case the defendant, in a suit by his vendor against him to collect the purchase money, alleged the failure of title and the insolvency of plaintiff and specifically prayed for a rescission of the contract, and offered to reconvey the land to the plaintiff who had sold it to them, all of which widely separates that case from this one.

Subdivision (6) of rule V of this court, which has long since been promulgated and published in the docket for each successive term of the court, requires the clerk of the circuit court in preparing the record for appeal to index the name of each witness testifying in the case and also the page upon which his testimony begins, as well as the page on which appears each exhibit filed and relied on; and it requires the index to indicate the nature of the exhibit. Subdivision (8) of the same rule provides that any index not conforming to subdivision (6) shall be condemned by this court and the clerk prohibited from collecting his full fees for making the transcript. In this case the index of the testimony in the case says, "Depositions for plaintiff, pages 28-76," and "Depositions for defendant, pages 76-92," without pointing out, as the rule directs, the names of the witnesses or the pages upon which their testimony begins; nor are the exhibits referred to indexed at all. The prescribed rules, if complied with, greatly assist this court in understanding the record so as to properly determine the issues, and it is extremely important that circuit clerks in making out transcripts comply therewith. We, therefore, conclude that the clerk of the Pike circuit court should in this case be disallowed $10.00 on his fee for making this record because of his failure to comply with the rules as

indicated, and he will not be allowed to collect but $19.00 for preparing this transcript, and if he has already been paid the full fees he will refund it to appellants.

For the reasons hereinbefore stated, the judgment is affirmed.