### Dotson, et al. v. Blankenship.

(Decided May 22, 1928.)

Appeal from Pike Circuit Court.

1.  Covenants.—Words following description in deed, "the intention of this deed is to convey all the land deeded to me by J. H., for reference see Deed Book 133, 248," held not to have effect of reducing covenant of general warranty in deed to one of special warranty only, excluding operation of warranty as to all of land actually described, though description conveyed lands not actually deeded to grantor by J. H.

2.  Covenants.—Purchaser's admission that third party had previously told him of his claim to title to lot purchased held not to preclude purchaser's recovery for breach of warranty on theory of estoppel.

J. H. ADKINS for appellants.

STRATTON & STEPHENSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

In this action by W. B. Blankenship against James A. Dotson and Mary Dotson, to recover for breach of warranty, plaintiff was awarded damages in the sum of $700, and defendants have appealed.

The facts are these: On November 22, 1921, appellants, in consideration of $1,200 cash, conveyed to appellee, with covenant of general warranty, a certain lot on Peter creek, Pike county, embracing what is known as the two Hall lots, and the Hymore lot. Following the description are these words:

> "The intention of this deed is to convey all the land deed to me by Jerry Hunt, for reference see Deed Book 133, 248."

Thereafter appellants and appellee brought suit against Jerry Hunt and wife for the purpose of reforming his deed to appellants so as to include the Hymore lot. The Pike circuit court refused the relief asked, and, on appeal, the judgment was affirmed. Dotson v. Hunt, 207 Ky. 832, 270 S. W. 38.

Though the evidence as to the value of the Hymore lot is not as satisfactory as it might be, yet, in view of the fact that the entire property sold for $1,200, and the Hymore lot was by far the larger portion of the tract conveyed, we are inclined to the view that on the facts presented the court did not err in fixing the damages at $700.

One of the defenses relied on is that, notwithstanding the covenant of general warranty contained in the deed, the addition after the description of the words above quoted had the effect of making the covenant one of special warranty only. It must not be overlooked that the Hymore lot, of which appellee was disseized, is actually included in the description set forth in the deed. In view of this fact, the additional words, though declaring an intention to convey "all" the land deeded to the grantor by Jerry Hunt, cannot be construed as evincing a purpose to convey only the land so conveyed. We are therefore constrained to the view that the words referred to are not sufficient to change the character of the covenant of general warranty.

Another defense is that of estoppel, based on the admission by appellee that Hunt told him prior to the purchase that he had title to the Hymore lot. It is the rule in this state that knowledge on the part of the purchaser of land that another is claiming title, or even that the vendor has no title, does not affect his right to recover for breach of warranty. Lashley v. Lashley, 205 Ky. 601, 266 S. W. 247; Sales v. Duncan, 201 Ky. 161, 256 S. W. 17; Bayes v. Blair, 199 Ky. 455, 251 S. W. 623; Foxwell v. Justice, 191 Ky. 749, 231 S. W. 509. It follows that the court did not err in rejecting the defense of estoppel.

On the whole, we perceive no error in the record prejudicial to the substantial rights of appellants.

Judgment affirmed.