# Jones v. Hodgkins et al.

(Decided March 18, 1930.)

HAFFORD E. HAY for appellant.

MARCUS C. REDWINE, JAMES WINN and HUGH RIDDELL for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This is an action upon a covenant contained in a deed. M. B. Jones sold to W. B. Hodgkins a tract of land in Lee county, Fla., and the conveyance contained an express covenant that the grantor "at the date hereof is lawfully seized in fee simple of the premises, and is in peaceable and undisputed possession of the same, and that the grantee, his heirs and assigns shall at all times hereafter have peaceable possession of said premises without suit, eviction or disturbance of the grantor, or any person or persons lawfully claiming same; that said premises are free of all encumbrances and liens of every nature and kind soever, including taxes." The grantee found the property in the possession of Nelson, a son-in-law and tenant of the grantor, who refused to surrender

the premises. Litigation ensued of which notice was given the grantor, and which resulted finally in favor of Hodgkins. The present action was then instituted to recover damages, including the rental value of the property and the cost of recovering possession from the recalcitrant tenant. There was a verdict for the plaintiff in the sum of $1,000 and the defendant appeals.

It is first complained that the court erred in admitting oral evidence regarding the litigation in Florida when the record of that litigation was not produced. It was proven that an appropriate proceeding to recover possession of the property was taken in an inferior court, and later transferred to the circuit court, where a judgment was rendered in favor of Hodgkins. The tenant then took an appeal to the Supreme Court of Florida and the judgment was affirmed. Nelson v. Hodgkins, 95 Fla. 863, 116 So. 792. It was proven that the rental value of the property was more than $250 per year, and that Nelson had succeeded in retaining possession of the property to the exclusion of the rightful owners for a full period of four years. It was proven also that the reasonable expenses actually incurred in the litigation exceeded the amount of the judgment in this case. In order to prove the contents of an existing record of judicial proceedings it is necessary to have authenticated copies, and other evidence is not receivable. 22 C. J. p. 1007, sec. 1286. But it was not necessary in this case to produce the records, as the issue was whether the plaintiff in this case had been kept out of possession of the property, that litigation had been carried on to recover possession of the property, and that expenses had been incurred. It was not the contents of the record, but the fact of exclusion from possession of the property, that was pertinent. 22 C. J. p. 978, sec. 1224. The records of the Florida courts were not necessary in a case of this character.

It is argued that Nelson was a trespasser, and that Jones was not liable for the expense of ousting a trespasser or for the failure of his grantee to obtain possession promptly. It appears that Nelson was the son-in-law of Jones, and had been notified by him to surrender the premises. It was the duty of Jones to place his vendee in possession of the land, and his failure to do so rendered him liable for the fair rental value of property during the period the vendee was kept out of possession

and also for the necessary expense incurred in obtaining possession. Beutel v. American Machinery Co., 144 Ky. 57, 137 S. W. 799, 35 L. R. A. (N. S.) 779.

It is further argued that Jones advised Hodgkins that Nelson had been in possession of the Florida property, was of a contentious character, and altogether likely to cause trouble. It is said that, with such knowledge on the part of the vendee, Jones was not liable for a breach of the covenant. It is well settled that knowledge of the grantee that another is claiming rights in the land does not relieve the liability of the grantor or estop the grantee from relying upon the covenant of warranty. Dotson v. Blankenship, 224 Ky. 638, 6 S. W. (2d) 1073; Bayes v. Blair, 199 Ky. 455, 251 S. W. 623. The verdict in this case was well within the limits of the proof respecting damages, and no error adversely affecting appellant was committed by the court.

The judgment is affirmed.