**INMAN et al. v. COBURN.**

Court of Appeals of Kentucky.

June 20, 1952.

Joe Hobson, Prestonsburg, Napier & Napier, Hazard, for appellants.

Clark Pratt, Hindman, for appellee.

CAMMACK, Chief Justice.

The children of Andrew Coburn, deceased, appeal from a judgment which held (1) that the children were barred, by KRS 381.160, from claiming an interest in a tract of land which their father had conveyed to their stepmother, and (2) that the stepmother was entitled to dower in other tracts that the father owned at the time of his death.

During his lifetime, Andrew Coburn owned a four-fifths interest in two tracts of land, which we shall call Tracts A and B. His first wife had owned the other one-fifth interest in Tracts A and B, and upon her death her interest had descended to the children, appellants herein.

A short time before his death Andrew Coburn conveyed Tract A to his second wife, the appellee herein, by a general warranty deed which purported to convey full title to the tract. At the time of his death he remained the owner of a four-fifths interest in Tract B, and also held full title to two other tracts, which we shall call Tracts C and D.

KRS 381.160 provides, in part:

"If a deed such as that mentioned in KRS 381.150 [a deed purporting to pass a greater estate than the grantor owns], contains a general warranty of the estate it purports to convey, and there is a claimant of the land who has received any estate, real or personal, by gift, advancement, descent, devise or distribution from the vendor, such claimant shall be barred of recovery to the extent of the value of the estate so devised. * * *"

The appellants contend that they should not be barred by the statute because the statute is intended to protect only purchasers for value, and the deed by which their stepmother acquired Tract A was without consideration.

The appellants cite no authority to support their contention, and we have not been favored with a brief on behalf of the appellee, so we have been required to conduct our research on the question without any assistance from briefs.

It appears to us that KRS 381.160 is based on the principle that a grantor conveying land with a covenant of general warranty would be liable, upon an eviction of the grantee, for damages for breach of the covenant with a resulting diminution of the grantor's estate, and therefore persons who receive property from the grantor by way of gift, devise or descent should, in effect, be required to assume the grantor's liability for damages, to the extent of the property they received from the grantor, if they seek to evict the grantee.

If the statute is based on the principle above stated, then it would seem to follow that the statute should not apply in a situation where the grantee could not have recovered substantial damages from the grantor.

The rule followed in this jurisdiction and in most other jurisdictions, is that upon a partial breach of covenant of warranty, the grantee can recover only such part of the *original purchase price or consideration* as bears the same ratio to the whole consideration that the value of the land to which title has failed bears to the value of the whole premises. Wilson v. McGowand, 192 Ky. 565, 234 S.W. 17; 21 C.J.S., Covenants, § 148, p. 1024. Under that rule, if the grantee should lose a one-fifth interest in the land conveyed, the damages would be one-fifth of the purchase price or consideration.

In the case before us, the consideration for the conveyance of Tract A to the appellee was recited to be one dollar and the agreement of the appellee to care for the grantor (her husband) for the balance of his life. The appellee testified that she did not pay the one dollar, and in any event damages in the amount of one-fifth of a dollar would not be large

818

enough to have any significance. The appellee's agreement to care for her husband did not constitute a consideration. Foxworthy v. Adams, 136 Ky. 403, 124 S.W. 381, 27 L.R.A.,N.S., 308; 26 Am. Jur., Husband and Wife, sec. 326, p. 923.

Had the appellants asserted their claim to a one-fifth interest in the tract conveyed to the appellee, during Andrew Coburn's lifetime, appellee could not have recovered anything more than nominal damages from Andrew, because her recovery would have been measured and limited by the consideration she paid for the tract. Therefore, there is no reason why the appellants should now be barred from asserting their claim.

It is our opinion that the appellants are not barred by KRS 381.160 from claiming their interest in Tract A.

A further contention of the appellants is that their stepmother should be estopped from claiming dower in the lands owned by Andrew Coburn at the time of his death, because the tract he deeded to her without valuable consideration amounted in value to 60 percent of Coburn's estate. We are not aware of any principle of law under which gifts to a wife will estop her, when she becomes a widow, from claiming dower.

The judgment is affirmed in so far as it holds that the widow is entitled to dower, and is reversed in so far as it holds the appellants to be barred by the statute from claiming their one-fifth interest in Tract A; and the chancellor is directed to enter a judgment in conformity with this opinion.