## EVANS v. BROWN.

Court of Appeals of Kentucky.
June 19, 1953.

custody of children has been theretofore adjudicated, the issue may be reopened only in a court of equity, although habeas corpus is a proper proceeding to determine immediate and temporary right to possession of children. See also Chamblee v. Rose, Ky., 249 S.W.2d 775.

Judgment reversed.

---

B. M. Westberry, Marion, for appellant.

Roderick E. Keeney, Smithland, for appellee.

STANLEY, Commissioner.

This is an appeal from a judgment of the Livingston County Court granting custody of two children in a habeas corpus proceeding instituted by their father against their mother and maternal grandparents.

The father relied upon a judgment rendered April 16, 1952, by the circuit court of Warwick County, Virginia, awarding him a divorce and the custody of the children. A copy of such a judgment bearing attestation of the clerk and seal of the court was filed in the proceeding. It was not authenticated in the manner and form prescribed by the Act of Congress, 28 U.S.C.A. § 1738, or KRS 422.040, since it is not certified by the judge of the Virginia court. Compliance with this method of authentication is prerequisite where it is sought to have full faith and credit given a judgment of a court of a sister state and other evidence is not receivable. Jones v. Hodgkins, 233 Ky. 491, 26 S.W.2d 19; Allen v. Commonwealth, 272 Ky. 533, 114 S.W.2d 757. Of course, such requirement may be waived. In the present case the respondent vigorously and continuously objected to the introduction and use of the purported Virginia judgment but the court overruled the objections. That was the basis of this proceeding and the court should have sustained the objections and declined to consider the proffered copy of the judgment. The judgment awarding custody of the children under the writ will be reversed on this ground.

We may point out, however, the statement in Chamblee v. Chamblee, Ky., 248 S.W.2d 422, that where the ultimate

