COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Roy L. RICE et al., Appellees.

Court of Appeals of Kentucky.

Nov. 11, 1966.

Rehearing Denied March 10, 1967.

Robert F. Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Dept. of Highways, Frankfort, Edmond H. Tackett, Dept. of Highways, Pikeville, for appellant.

J. K. Wells, G. C. Perry, III, Paintsville, for appellee Rice.

M. O. Wheeler, Paintsville, for appellees Minton and Harrington.

WILLIAMS, Judge.

In 1950 Fred Hager conveyed to appellee Roy L. Rice a strip of land upon which a road was to be constructed providing access to Rice's farm. Sometime thereafter Fred Hager died, and his property descended to appellees Minton and Harrington. The latter two conveyed by general warranty deeds a tract of land to appellant Commonwealth of Kentucky, Department of Highways, for the purpose of constructing a highway. Included in the tract conveyed to the Commonwealth was a portion of the property owned by Rice. Construction of the highway severed Rice's access road.

Rice filed a reverse condemnation action against the Commonwealth in the Johnson Circuit Court. The Commonwealth in turn filed a third-party complaint against appellees Minton and Harrington. The case was submitted to the court on the question of law and to the jury on the amount of damages. Judgment was entered awarding damages to Rice against the Commonwealth in the amount of $5,000, and dismissing the third-party complaint. The Commonwealth appeals.

The pertinent portion of the 1950 deed from Hager to Rice is as follows:

"WITNESSETH, that the parties of the first part for and in consideration of the sum of $200.00 two hundred in hand paid, and a 4 stran brab wire fence on both sides of road the receipt of which is hereby acknowledged has bargained and sold, and by these presents does bargain, sell and convey unto the said parties of the second part, a certain tract or parcel of land, lying in Johnson County, Kentucky, and described as follows: A strip of land for a hall road leading up the branch located from the trail to limestone branch along the road now located and it is agreed and understood that party of the first part is to have gates coming out of this field in the road mentions here in above and it is further agreed that first parties is to have free excess to said road at all times. It is further agreed that parties of the second party is to maintain sed fencing, and his successors or this deed and contract is nul and voyd, * * *."

The $200.00 consideration was paid and a road was built on the property but no fence was constructed.

It was provided in the deed that Rice would erect and maintain fencing along the property he purchased, and in the event he failed to maintain it the deed and contract were to be considered null and void. It is conceded, at least by the Commonwealth and Rice, that that language in the deed amounts to a "condition subsequent". The concession is well founded. See Board of Councilmen of City of Frankfort v. Capital Hotel Co., 188 Ky. 754, 224 S.W. 197 (1920). There is no doubt that the grantor intended the deed to become inoperative and void in the event the fence was not maintained. However, even though the condition was broken, the result is not ipso facto a forfeiture of the estate. Upon a breach of a condition subsequent there must be some affirmative act manifesting the intention of the grantor to effect a forfeiture before the breach will result in a forfeiture of the estate. A re-entry or other positive act is necessary on the part of the grantor. Smith v. City of Kuttawa, 222 Ky. 569, 1 S.W.2d 979 (1928); Hoskins v. Walker, Ky., 255 S.W.2d 480 (1953). Forfeitures are not favored by the law and must be construed most strongly against the grantor. Although there was a breach of the condition subsequent, there

was no action taken by the grantor or his successors either by re-entry or by any other positive act. We concur with the finding of the circuit court that the instrument was not voided by the failure to perform the condition subsequent.

 The circuit court further found that Rice was damaged and entitled to recover, which is correct. However, we cannot concur in the conclusion that the appellees Minton and Harrington are in no way liable under their general warranty deed. Although the 1950 deed to Rice was recorded, and the access road built by him was "visible, apparent and known" to the Commonwealth, the covenant of warranty was nonetheless fully operative. A grantee is entitled to rely upon a covenant of warranty even though he knows at the time of the purchase that the grantor has no title. Dotson v. Blankenship, 224 Ky. 638, 6 S.W. 2d 1073 (1928); Jones v. Hodgkins, 233 Ky. 491, 26 S.W.2d 19 (1930); Berry v. Crisp, Ky., 247 S.W.2d 384 (1952). For a discussion on measure of damages for breach of covenant, see Cox's Heirs v. Strode, 5 Ky. (2 Bibb) 273 (1811); Inman v. Coburn, Ky., 249 S.W.2d 816 (1952); also Copeland v. McAdory, 100 Ala. 553, 13 So. 545 (1893).

Proof of the amount of damage suffered by Rice was offered as in a direct condemnation action. It was brought out in cross-examination that some of Rice's witnesses placed separate values on minerals, timber, surface and house sites. One witness was permitted to base his judgment of the market value on what the property was worth to him. Without going into detail of the testimony of each witness, it seems sufficient to say that objections and motions to strike the objectionable portions should have been sustained. We refer to the many cases recently decided by this court delineating the proper scope of examination of valuation witnesses. For example, Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472 (1963); Commonwealth, Department of

Highways v. Sherrod, Ky., 367 S.W.2d 844 (1963); Commonwealth, Department of Highways v. Gearhart, Ky., 383 S.W.2d 922 (1964); and Commonwealth, Department of Highways v. Riley, Ky., 388 S.W. 2d 128 (1965).

The judgment is reversed.